UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-147-HRW

CYNTHIA A. HESTER, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

LIFE INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT.

This matter is before the Court upon Defendant Life Insurance Company of North America's (hereinafter "LINA") Motion for Judgment [Docket No. 12]. For the reasons set forth below, the Court finds that LINA is entitled to judgment as a matter of law.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from LINA's denial of Plaintiff Cynthia Hester's claim for accidental death benefits following her husband's death.

Plaintiff's husband, David Hester, was an employee of CSX and during his employment with the company obtained a $200,000 benefit on his life under Group AD&D Policy OK 81 70 74. [Administrative Record, Docket No. 11, p. 37-63]. The Policy provides:

> We agree to pay benefits for loss from bodily injuries: a) caused by an accident which happens while an insured is covered by this policy; and b) which, directly and from no other causes, result in a covered loss, (See the Description of Coverage.) We will not pay benefits if the loss was caused by: a) sickness, disease, or bodily infirmity; or b) **any of the Exclusions listed on page 2.**

[Docket No. 11, p.40].

Page 2 of the Policy provides: No benefits will be paid for loss resulting from:

**intentionally self-inflicted injuries, or any attempt thereat,** while sane or insane (in Missouri, while sane)." [Docket No.11, p. 42].

Mr. Hester died of a self-inflicted gunshot wound to the chest in the garage of the family home on July 16, 2002. [Docket No. 11, p. 10- 12] His death was ruled a suicide by the Greenup County Coroner. [Docket No. 11, p. 12] On August 7, 2002, Plaintiff filed a claim for benefits with LINA. [Docket No. 11, p. 11].

By letter dated August 19, 2002, LINA informed Plaintiff that suicide was an exclusion under the policy and invited her to submit any additional information that would "indicate the accidental circumstances of this death." [Docket No. 11, p. 9]. The letter explicitly stated that if she failed to submit additional information, the claim would be closed. [Docket No. 11, p. 9] Plaintiff did not submit any additional information or otherwise respond to the letter.

On September 12, 2002, LINA again sent a letter to Plaintiff, informing her that claim was denied due to the policy exclusion pertaining to self-inflicted injuries. The letter quoted from the pertinent portion of the policy and listed the documents LINA reviewed in making its determination, including the State of Kentucky Certificate of Death. It identified David Hester's cause of death as "[h]emorrhage, due to or as a consequence of 38-cal. gunshot wound to midline of left chest". The manner of death is listed as "Suicide". The death certificate identifies the circumstances surrounding this death "self inflicted 38 ca wound to left mid line of chest". No other significant conditions are listed. In this letter, LINA also pointed out that in Plaintiff's Proof of Loss form, she, too described the circumstances of her husband's death as "[self inflicted 38 ca. wound to lower chest in the garage" [Docket No. 11, p. 7-8].
The letter further informed Plaintiff she could appeal or request a review of the decision in writing within 60 days from the September 12, 2002 denial date. Plaintiff did not

request a review.

LINA's policy contains a limitation provision for bringing legal actions.

> Legal Actions: No legal action to get policy benefits may be brought less than 60 days nor more than 3 years after written proof has been furnished as required by the policy.

[Docket No. 11, p. 43].

On August 22, 2013, Plaintiff instigated this civil action, alleging that LINA wrongfully denied her claim for benefits. LINA seeks judgment on the claim alleged herein.

## II. STANDARD OF REVIEW

A challenge to a denial of benefits under ERISA is reviewed *de novo*. When applying a *de novo* standard in the ERISA context, the role of the court reviewing a denial of benefits "is to determine whether the administrator ... made a correct decision." The review is limited to the record before the administrator and the court must determine whether the administrator properly interpreted the plan and whether the insured was entitled to benefits under the plan. *Hoover v. Provident Life and Accident Insurance Company*, 290 F.3d 801, 809 (6th Cir. 2002). No deference is given to the claimant's position; no deference is given to the administrator's position. Without bias in either direction, the Court simply decides whether it agrees with the administrator's decision. *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990).

## III. ANALYSIS

### A. Plaintiff's claim is time barred.

There are two periods of limitations applicable to Plaintiff's claim. The first is derived from the policy itself. The policy at issue provides for a three year period in which to bring legal action under the terms of the policy. The second is the five year period of limitations for ERISA

actions in Kentucky. *See Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 537-38 (6th Cir. 2008). In this case, Plaintiff waited nearly eleven years to seek redress, several years too late under either period of limitations.

Plaintiff urges the Court to apply KRS 413.090(2)'s fifteen year period of limitations upon a recognizance, bond or written contract, contending that the policy's three year window is unreasonable. However, Plaintiff ignores, indeed makes no mention of, the Sixth Circuit's clear mandate that the relevant statute of limitations in Kentucky in an ERISA context is not KRS 413.090(2), but rather the five-year provision contained in KRS 413.120. *Id. See also, Fallin v. Commonwealth Industries, Inc. Cash Balance Plan*, 521 F.Supp.2d 592 (2007); *Clemons v. Norton Healthcare, Inc. Retirement Plan*, No. 3:08-cv-0069-TBR, 2013 WL5437646 (W.D. Ky. Oct. 31, 2013).

Thus, there can be no question that Plaintiff's claims are untimely. LINA denied Plaintiff's claim for benefits on September 12, 2002. A formal letter was sent to Plaintiff on or around this date regarding the denial of benefits and her appeal and/or review options. Plaintiff failed to pursue either, and instead filed this action on August 26, 2013—almost eleven years after receiving formal notice that her benefits request was denied. Thus, Plaintiff's claims are untimely.

### B. LINA's decision was appropriate.

Assuming *arguendo*, that Plaintiff's claim is not time barred, a *de novo* review of the record in this case substantiates LINA's decision.

The policy under which Plaintiff seeks benefits as her husband's beneficiary specifically excludes benefits for loss resulting from "intentionally self-inflicted injuries, or any attempt thereat while sane or insane..." David Hester's death certificate reflects that his cause of death was due to or as a consequence of a gunshot wound to his left chest. The death certificate specifically lists the manner of death as "suicide." [Docket no. 11, p. 12]. Even the application for benefits submitted and signed by Plaintiff, herself, states that her husband sustained a self-inflicted 38 ca (caliber) wound to lower chest in the garage. All the evidence in the record shows that the shot was intentional.

LINA specifically requested that Plaintiff submit any evidence or circumstances that might contradict the evidence in the record and demonstrate that the gunshot wound was accidental. No such evidence was ever submitted.

The Court finds that LINA's decision was correct based on the administrative record before it.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Life Insurance Company of North America's Motion for Judgment [Docket No. 12] be **SUSTAINED**.

This 24th day of February, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge